EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FERN and JEANETTE C. FERN,

    Plaintiffs,

v.

HARLEY-DAVIDSON MOTOR COMPANY, INC.,

    Defendant.

Case: 2:06-cv-14548
Assigned To: Edmunds, Nancy G
Referral Judge: Majzoub, Mona K
Filed: 10-17-2006 At 03:07 PM
REM FERN ET AL V. HARLEY DAVIDSON M TR CO (DA)

## DEFENDANT, HARLEY-DAVIDSON MOTOR COMPANY GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Harley-Davidson Motor Company Group, Inc. ("Harley-Davidson"), incorrectly named herein as Harley-Davidson Motor Company, Inc., as its Answer and Affirmative Defenses to Plaintiffs' Complaint, states as follows:

### JURISDICTIONAL AVERMENTS

1. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies those allegations.

2. In response to paragraph 2, Harley-Davidson admits to its corporate status and headquarters, and states that there are independent, authorized Harley-Davidson dealerships throughout the United States and in some other countries, and therefore denies those allegations.

3. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies

those allegations, and further reserves its right to raise all jurisdictional objections and affirmative defenses.

## COUNT ONE- NEGLIGENCE

4. In response to paragraph 4, Harley-Davidson incorporates its answers to paragraphs (1) through (3) by reference as if fully set forth herein.

5. In response to paragraph 5, Harley-Davidson denies the allegations as stated. Harley-Davidson admits that it designs and manufactures in part and assembles motorcycles.

6. Harley-Davidson admits that it designs and manufactures in part and assembles motorcycles, including 2003 models. Harley-Davidson further states that there are independent, authorized Harley-Davidson dealerships in the State of Michigan. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and therefore denies those allegations.

7. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies those allegations.

8. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and therefore denies those allegations.

9. Harley-Davidson denies the allegations as stated in paragraph 9.

10. Harley-Davidson denies the allegations as stated in paragraph 10.

11. Harley-Davidson admits that it has issued Safety Recall letters in regards to the 40 Amp. main circuit breaker on certain 1999 - 2003 Harley-Davidson model

motorcycles. As to the remainder of paragraph 11, Harley-Davidson denies those allegations as stated.

12. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, and therefore denies those allegations

13. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore denies those allegations

14. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies those allegations.

15. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore denies those allegations.

16. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore denies those allegations.

17. Harley-Davidson denies the allegation that the "loss of power lead to a skid and crash" as stated. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17, and therefore denies those allegations.

18. Harley-Davidson denies the allegations as stated in paragraph 18.

19. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies those allegations.

20. Harley-Davidson denies the allegations as stated in paragraph 20.

21. Harley-Davidson denies the allegations as stated in paragraph 21.

22. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegation that the Ohio Highway Patrol drafted an accident report which stated that the motorcycle involved in the accident detailed in that report skidded four hundred fifty nine feet (459) before coming to rest. As to the remainder of paragraph 22, Harley-Davidson denies those allegations.

23. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23, and therefore denies those allegations.

24. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24, and therefore denies those allegations.

25. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25, and therefore denies those allegations.

26. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26, and therefore denies those allegations.

27. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27, and therefore denies those allegations.

28. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and therefore denies those allegations.

29. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29, and therefore denies those allegations.

30. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30, and therefore denies those allegations.

31. Harley-Davidson denies the allegations as stated in paragraph 31.

32. Harley-Davidson denies the allegations as stated in paragraph 32 as they call for a legal conclusion.

33. Harley-Davidson denies the allegations in paragraph 33.

34. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34, and therefore denies those allegations. Further, Harley-Davidson further states that there independent, authorized Harley-Davidson dealerships in the State of Michigan, and therefore denies the corporate franchise allegation.

35. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35, and therefore denies those allegations.

36. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore denies those allegations.

37. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and therefore denies those allegations. Further, Harley-Davidson further states that there independent, authorized Harley-Davidson dealerships in the State of Michigan, and therefore denies the corporate franchise allegation.

38. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore denies those allegations.

39. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore denies those allegations.

## COUNT TWO-DEFECTIVE DESIGN

40. In response to paragraph 40, Harley-Davidson incorporates its answers to paragraphs (1) through (39) by reference as if fully set forth herein.

41. Harley-Davidson denies the allegations as stated in paragraph 41 as they call for a legal conclusion.

42. Harley-Davidson denies the allegations in paragraph 42.

43. Harley-Davidson denies the allegations in paragraph 43.

## COUNT THREE – BREACH OF WARRANTY

44.   In response to paragraph 44, Harley-Davidson incorporates its answers to paragraphs (1) through (43) by reference as if fully set forth herein.

45.   Harley-Davidson denies the allegations as stated in paragraph 45 as they call for a legal conclusion.

46.   Harley-Davidson denies the allegations in paragraph 46.

47.   Harley-Davidson denies the allegations in paragraph 47.

## LOSS OF COMPANIONSHIP AND CONSORTIUM

48.   In response to paragraph 48, Harley-Davidson incorporates its answers to paragraphs (1) through (47) by reference as if fully set forth herein.

49.   Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49, and therefore denies those allegations.

50.   Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50, and therefore denies those allegations.

51.   Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and therefore denies those allegations.

52.   Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52, and therefore denies those allegations.

53. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53, and therefore denies those allegations.

54. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore denies those allegations.

55. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55, and therefore denies those allegations.

56. Harley-Davidson lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials of the allegations contained in the Complaint, and without waiving the obligation of Plaintiffs to prove every factual element of their claims, as and for its affirmative defenses, Harley-Davidson Motor Company Group, Inc. states as follows:

1. That, at the time and place of the occurrence complained of, and prior thereto, William Fern had a duty to exercise reasonable care and caution for his own safety and well being.

2. Notwithstanding the existence of this duty, and in breach thereof, William Fern was negligent, in whole or in part, in one or more of the following ways:

    a. By failing to operate his motorcycle with the exercise of due care resulting in his accident; and

    b. By using the motorcycle for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions and warnings appearing on or attached to the product or on its original container or wrapping. William Fern knew, or with the exercise of reasonable care should have known, of such instructions and warnings.

3. Plaintiffs' injuries and damages, if any, were caused by the negligence, misuse or willful and wonton conduct of third parties other than Harley-Davidson and for whose conduct Harley-Davidson is not responsible.

4. As a direct and proximate result of William Fern's contributory and/or others' negligence and/or misuse in one or more of the foregoing ways, William Fern allegedly sustained damages for which Plaintiffs seek relief in their Complaint.

5. In the alternative, to the extent that the trier of fact finds William Fern contributorily negligent and the proximate cause of Plaintiffs' damages, then if any judgment is rendered in favor of the Plaintiffs, such judgment must be reduced by the percentage of William Fern's contributory negligence as determined by the trier of fact, pursuant to Mich. Comp. Laws, § 600.2959.

6. Plaintiffs' claim may be barred, in whole or in part, by the statute of limitations.

7. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

8. Plaintiffs' injuries and damages, if any, were caused by an intervening or superseding cause.

9. Plaintiffs have failed to mitigate their damages, if any.

10. Plaintiffs may have failed to join an indispensable party.

11. On information and belief, Plaintiffs' damages, if any, were the result of open and obvious risks, of which William Fern was or should have been aware, and which he accepted, consented to and assumed.

12. The design and manufacture of the motorcycle referred to in Plaintiffs' Complaint conformed in all respects with the state of the art at the time it was sold by the manufacturer.

13. The proximate cause of the incident allegedly giving rise to Plaintiff's action may have been an alteration or modification of the motorcycle which was not reasonably foreseeable, made by a person other than Harley-Davidson Motor Company Group, Inc. and subsequent to the time the product was first sold by Harley-Davidson.

14. Harley-Davidson adopts and incorporates by reference any affirmative defense of any co-defendant as may be applicable to Harley-Davidson.

15. Plaintiffs may lack privity or a contractual relationship with Harley-Davidson for purposes of the claims for relief and thereby lack standing to assert such claims including any breach of warranty claim.

16. Harley-Davidson raises each and every defense available to it pursuant to MCLA 600.2945 et seq.

17. Harley-Davidson affirmatively states that the venue selected by Plaintiff is improper, in that this accident occurred in the State of Ohio, and the appropriate motion will be filed by this Defendant.

18.   Harley-Davidson affirmatively states that the jurisdiction of the State of Ohio is applicable to this matter, and the appropriate motion will be filed by this Defendant.

WHEREFORE, Defendant Harley-Davidson Motor Company Group, Inc. respectfully requests that this Honorable Court enter an order granting judgment in favor of Harley-Davidson Motor Company Group, Inc. and against Plaintiffs, dismissing their Complaint with prejudice and for such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Defendant Harley-Davidson Motor Company Group, Inc. demands a trial by jury.

Respectfully submitted,

CARDELLI, LANFEAR & BUIKEMA, P.C.

*/s/ Thomas G. Cardelli*

THOMAS G. CARDELLI (P31728)
Attorney for Harley-Davidson Motor
Company Group, Inc.
322 W. Lincoln
Royal Oak, MI 48067
(248) 544-1100

Dated: October 17, 2006